## VENICE HUNTING & TRAPPING CO., Inc. v. SALINOVICH et al.

(District Court, E. D. Louisiana. New Orleans Division. January 4, 1926.)

### No. 18259.

1. **Courts** ⟨⟩314—Suit by corporation, organized solely to create diversity of citizenship to give federal court jurisdiction, dismissed.

Where plaintiff corporation is organized solely to give federal court jurisdiction for diversity of citizenship, so that decree in its favor would be for its officers, directors, and stockholders, citizens of same state as defendants, suit will be dismissed under Judicial Code, § 37 (Comp. St. § 1019.)

2. **Courts** ⟨⟩260—That complainant is unable to secure benefits of state court decree held no ground for federal court assuming jurisdiction.

That complainant is unable to secure benefits of final decree of state Supreme Court in its favor, because of acts of local state courts or officers, is no ground for federal court assuming jurisdiction.

3. **Evidence** ⟨⟩82—Presumed that state courts have full power to execute their own judgments, and that they are lawfully functioning.

It is presumed that state courts have full power to execute their own judgments, that they are lawfully functioning, and that state officers are performing their respective duties under state Constitution and laws.

In Equity. Suit by the Venice Hunting & Trapping Company, Inc., against George Salinovich and others. Decree for defendants.

Dymond & Levy and Maurice Fourcade, Jr., all of New Orleans, La., for plaintiff.

Leander H. Perez, of New Orleans, La., for defendants.

BURNS, District Judge. This suit was commenced on December 11, 1925, invoking the jurisdiction of this court upon the alleged diversity of citizenship between the complainant as an alleged corporation citizen of the state of Delaware and the defendants as citizens of Louisiana.

As a cause of action, complainant alleges itself to be the owner of certain lands and trapping and hunting leases and rights on lands in the parish of Plaquemines; that the defendants are parties to a conspiracy to defeat its rights of ownership and possession so described, to trespass on these lands and there to trap and take from the lands fur-bearing animals, which, during this trapping season (between November 15, 1925, and February 15, 1926), will amount in value to more than $10,000. The prayer is for a temporary restraining order and for preliminary and final injunction, an accounting, and such damages as may be ascertained.

Upon this verified bill, a restraining order was issued, together with a rule on defendants to show cause why a preliminary injunction should not issue.

Defendants made return to the rule, denying generally the averments of plaintiff's bill, with special averments variously disputing title. Upon the hearing of the rule, various documentary exhibits, deeds, leases, and affidavits were filed on both sides. A motion to dismiss, however, precedes the defendant's return, and this rests upon the following contentions:

"That the real parties plaintiff in this cause are Eugene De Armas, Manuel G. Buras, and Peter J. Buras, who are the owners of those certain lands described in Nos. 1, 2, and 3 of paragraph A in paragraph II of the bill of complaint herein, which said parties have in years past and are still laying false claim of ownership to those lands described in Nos. 4, 5, and 6 in said subparagraph of article II therein, when in fact said lands are the property of the United States, and that said three parties are also the owners of certain leases from the state of Louisiana on some of the land described in Nos. 1 and 2 of paragraph B in article III of said bill, and that said three parties are the only ones interested in this suit and whose interest may in anywise be affected in this cause.

"That said three persons, who are using the pretended named plaintiff as a Delaware corporation only as an instrumentality to give rise to the issue of diversity of citizenship as a means to practice a fraud on the jurisdiction of this court, are all in fact residents of the parish of Plaquemines and citizens of Louisiana, as likewise are all the defendants in this cause residents and citizens of the same parish and state.

"That, as appears from the pretended acquisitions of title and leases to said property in the substituted name of the alleged Delaware corporation herein, these simulated transfers were all made of date December 10, 1925, or only on the day previous to the filing of this cause and the attempt to practice said fraud on the jurisdiction of this honorable court.

"That, as appears by the affidavit to the bill of complaint, the president of said pretended plaintiff Delaware corporation is none other than the same Eugene De Armas, who is, together with his co-owners and partners in the alleged title and leases, also the author in title in the above-mentioned transfers to said alleged Delaware corporation, in a very apparent and collusive undertaking on their part to transfer such pretended titles and leases to the named Delaware corporation for the sole purpose of creating the issue of diversity of citizenship in this suit for injunction against other citizens of this state.

"That this collusive transfer in the name of a nonresident corporation on the above date, after the opening of the legal trapping season in this state on November 15, 1925, for the sole apparent purpose above shown, cannot in law or in equity supply a real diversity of citizenship between the real parties at interest herein as plaintiffs and the defendants, and does not therefore give jurisdiction to this court."

"That the said Venice Hunting & Trapping Company, Inc., is not a bona fide Delaware corporation, organized for the purpose of doing business in said state and that same was only organized in an effort on the part of the above-named citizens of Louisiana, for the purpose of practicing a fraud on the jurisdiction of this court by filing injunction suit against trappers and persons who are citizens of this state, as are the president and other organizers of said pretended Delaware corporation, and that said pretended Delaware corporation has no authority to own lands or leases or to transact business of any nature in the state of Louisiana, and is not entitled to the relief prayed for in this court against defendants.

"Respondents admit that they are citizens of the state of Louisiana and domiciled in the parish of Plaquemines, and show that the real parties plaintiff, Eugene De Armas, Manuel G. Buras, and Peter J. Buras, and whatever other associates may be joined with them, are all likewise domiciled in said parish and citizens of the same state."

There is thus presented an issue under section 37 of the Judicial Code (Comp. St. § 1019), which reads:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

[1] From the pleadings and evidence I find:

That Eugene De Armas, Manuel J. Buras, and Peter J. Buras, aided and counseled by their attorneys, solicitors of record, for some months prior to December 10, 1925, in anticipation of the trapping season beginning November 15, 1925, confederated and collusively joined together to organize a corporation for the purpose of improperly creating a case cognizable in this court, but not substantially

involving a dispute between citizens of different states.

That a charter so designed, and for such purpose, and in execution of said scheme, was filed in the state of Delaware, December 3, 1925, and a certificate thereof obtained December 11, 1925.

That certain lands and certain trapping leases on other lands alleged in the bill were transferred to the corporation in exchange for its stock on December 10, 1925.

That the technical form of the corporation laws of the state of Delaware were seemingly meticulously followed. The charter was originally signed by three persons in the office of the Corporation Service Company in Wilmington, Del., who, from the face of the papers, were merely nominal or interposed persons, with none but a fictitious interest in the subject-matter, or with no interest beyond following the formal technical requirements of law for the convenience of the real parties, Eugene De Armas, Manuel G. Buras, and Peter J. Buras, to whom they forthwith transferred the original alleged subscriptions of ten shares of stock, and who immediately (as soon as the papers were received in New Orleans as intended) became the directors and officers of the corporation.

That the said three owners of the lands and trapping leases were then the sole stockholders, directors, and officers of the corporation, and in this dual capacity free to transfer back and forth at will these sole assets of the corporation.

That the said three owners are the true parties in interest in this suit. That they had no bona fide intention to establish, either for themselves or for the corporation, a domicile outside of Louisiana or to engage in any business except in Louisiana, nor did they do so, except nominally and technically, and to the extent necessary for compliance with the laws of Delaware, regulating the issuance of corporate charters. In other words, the whole proceeding was a mere use, or rather abuse of the forms of law of another state to conceal or mask an improper and unlawful purpose, and to fraudulently impose on this court.

Under the circumstances, the rule applied by the Supreme Court in Miller & Lux, Incorporated, v. East Side Canal & Irrigation Co., 211 U. S. 293, 29 S. Ct. 111, 53 L. Ed. 189, might be paraphrased thus: Where a corporation is organized for the sole purpose of invoking the jurisdiction of a District Court, and the decree in its favor would be really under the control and for the benefit of its officers, directors, and stockholders, citizens of the same state as the defendants, the suit should be dismissed, as one in which the complainant was improperly and collusively organized for the sole purpose of creating a case cognizable in a District Court within the meaning of section 37, Judicial Code.

The record here presents an abuse of legal forms, which cannot be too strongly condemned as tending to destroy that faith and confidence in judicial proceedings contemplated and sought to be inspired by the Constitution and laws, to the obedience, support, and defense of which the bench and bar are solemnly pledged.

[2] Among the complaints alleged in the bill, and seriously urged by the complainant's solicitor, in support of his contention that it is justified in applying to this court for relief, is that the Supreme Court of Louisiana has, by final decree, recognized the rights and title now standing in its name, and forming the basis of this suit, in a suit brought by its author in title against three of these same defendants, and permanently enjoined them from trespassing on these very lands (Buras v. Salinovich et al., 154 La. 495, 97 So. 748), but that, for some partisan or other ulterior reason, notwithstanding its diligence in seeking execution, under due process of law, complainant is denied the benefit of that decision of that state court of last resort, by the local parish or state district court, its sheriff and other officers.

[3] In effect, this contention is that, where the machinery of justice of a state ceases to function normally, the federal judicial machinery should intervene and supersede it, and therefore cannot be countenanced. The presumption is that the state courts have full power to execute their own judgments, and that they are lawfully functioning, and that the state officers are performing their respective duties as prescribed by the state Constitution and laws. Even though sufficient evidence were presented to sustain the charge, such a situation would be of serious political importance, but wholly beyond the jurisdiction of this court.

Accordingly, there will be a final decree for defendants, vacating and setting aside the temporary restraining order issued herein, denying the application for preliminary injunction, and dismissing the plaintiff's bill at its cost.